IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HERMAN J. SENA,

      Petitioner,

vs.                                                                                                  CIV 02-144 WJ/WWD

NEW MEXICO CORRECTIONS
DEPARTMENT,

      Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### Proposed Findings

1. THIS MATTER comes before the Court on Petitioner's Motion for Appointment of Counsel, filed February 7, 2002 **[Doc. 3]**, Petitioner's Request for Hearing, filed February 7, 2002 **[Doc. 4]** and Respondent's Motion to Dismiss, filed March 13, 20002 **[Doc. 13]**. Petitioner is confined pursuant to the Judgment, Sentence and Commitment of the New Mexico District Court in Santa Fe County. Petitioner is proceeding pro se and in forma pauperis.

2. On June 4, 1985, Petitioner, Mr. Sena, was convicted by a jury of First-Degree Murder (Count I), Aggravated Burglary (Count II), and Tampering with Evidence (Count III). See Judgment, Sentence and Commitment, Ex. A to Answer. Mr. Sena was subsequently sentenced to life imprisonment for Count I, nine years imprisonment with a two year period of parole for Count II, and eighteen months imprisonment with a one year period of parole for Count III. The court ordered the sentences for Counts II and III to run consecutively to each other, and concurrently with the life sentence imposed for Count I. See id. at 2.

3. The state denied Mr. Sena's Petition for Writ of Habeas Corpus, his Motion for

Expansion of Record and his Motion for Reconsideration of Writ of Habeas Corpus Petition. See Ex. D, E, I to Answer. On January 8, 2002, the Supreme Court of New Mexico denied Mr. Sena's Petition for Writ of Certiorari with respect to his state habeas petition. See Ex. O, to Answer.

4. On February 7, 2002, Petitioner filed in this Court a Petition for Writ of Habeas Co[rp]us pursuant to 28 U.S.C. § 2254. Respondent moves to dismiss the petition as being time barred and because it fails to state a claim upon which relief could be granted.

5. I agree with Respondent that Petitioner's claim is time barred. Petitioner states that his claim arises from the sentencing court's failure to include a specific directive to the corrections department in the Judgement, Sentence and Commitment filed on August 30, 1985. Yet, Petitioner failed to file his state habeas application until March 27, 2001. Furthermore, even if Mr. Sena's petition were timely, it should also be dismissed because it fails to state a claim upon which relief could be granted.

6. In his Petition, Mr. Sena contends that the Judgment, Sentence and Commitment order does not accurately reflect the sentencing court's ruling that good time credits should apply to his life sentence so that he "could be eligible for parole in as little as fifteen years." Pet. at 2. Indeed, Petitioner states that he has already "completed his thirty-year sentence with good time credit awards added to his-just [sic] completed 17-year confinement." Pet.'s Answer to Resp.'s Answer **[Doc. 16]** at 3 (emphasis added).

7. Section 31-21-10(A) of the New Mexico Statutes Annotated provides that "[a]n inmate of an institution who was sentenced to life imprisonment as the result of the commission of a capital felony . . . becomes eligible for a parole hearing after he has served thirty years of his

2

sentence." (emphasis added). Thus, Petitioner appears to argue that the thirty year minimum sentence imposed by statute allows for the deduction of good time credits so as to enable him to qualify for parole eligibility before completing thirty years of imprisonment. This is an incorrect interpretation of the sentencing statute. See Martinez v. State, 108 N.M. 382, 772 P.2d 1305 (1989).

8. Petitioner claims that he has a liberty interest in applying good time credit toward a thirty year sentence because the sentencing court issued a "ruling" to that effect. See Pet. at 2 (citing sentencing transcript, ex. H to Pet.). However, neither the exhibit cited by Petitioner, nor any other evidence, indicates that the Court issued such a ruling. The transcript reveals nothing more than a prosecutor's comment on the correction department's practice, at that time, of routinely overlooking the statute and deducting good time credit from a prisoner's thirty year minimum sentence. See Sentencing Transcript, Ex. H to Pet.[1] Nothing suggests that the sentencing court intended Petitioner's good time credits be applied so that he would be eligible for parole or released before the completion of thirty years of imprisonment.

9. Consequently, regardless of the amount of good time credit that Petitioner may have, he possesses no liberty interest in obtaining a parole hearing or a release from prison before completing the statutory minimum sentence of thirty years. See Stephens v. Thomas, 19 F.3d 498, 500 (10th Cir. 1994). Moreover, the misapplication or misinterpretation of the sentencing statute does nothing to change this. See id. at 501. Thus, Petitioner's claim relating to parole eligibility and good time credits fails and should be dismissed. Petitioner's Motion for

---

[1] In 1986 the Attorney General issued an opinion stating that "meritorious deductions may not shorten the basic thirty-year term of capital felons." Martinez, 108 N.M. at 382, 772 P.2d at 1305 (citing AG Op. No. 86-1 (1986)).

Appointment of Counsel[2] and Request for Hearing[3] should be denied as moot.

**Recommended Disposition**

I recommend that Respondent's Motion to Dismiss **[Doc. 13]** be granted and that this cause be dismissed with prejudice. Petitioner's Motion for Appointment of Counsel **[Doc. 3]** and Request for Hearing **[Doc. 4]** should be denied as moot. Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] "[T]here is no right to counsel in habeas proceedings." Hickmon v. Mahaffey, 28 Fed. Appx. 856, 858 (10th Cir. Nov. 29, 2001) (unpublished), available at, 2001 WL 1515859, at **2 (citing Coleman v. Thompson, 501 U.S. 722, 756-57 (1991)).

[3] A court need not provide an evidentiary hearing where the petitioner fails to allege facts which, if proved, would entitle him to relief. See Britton v. Williams, 185 F.3d 873 (10th Cir. 1999) (Table) (citing Lucero v. Kerby, 7 F.3d 1520 (10th Cir. 1993)).